Frost J.
delivered the opinion of the Court.
*16 For an illegal distress, the party injured may have a remedy either by trespass or replevin. If trespass be brought, and the defendant justifies under a distress, and the plaintiff relies on any irregularity, whereby the defendant is made a trespasser ab initio, he must specially plead it. Bagshaw v. Gavard, Yell, 96; Gargrave v. Smith, 1 Salk. 221. If replevin is brought, the defendant either denies the taking under the general issue, non cepit, or justifies and avows the taking of the goods for rent in arrear. If he claims a judgment for rent and a return of the goods, he must aver not only that the rent was due at the time of the distress, but also that it still remains due. But when, by payment of the rent or other matter arising since the distress, he is not entitled to judgment for the rent and a return of the goods, it is sufficient to justify the taking by averring rent to have been due at the time the distress was made. Bull N. P. 54. In Blain & Green, ads Hilson, M. S. 1830, 2 Rice’s Digest, 249, it was ruled. that in replevin the plaintiff may recover vindicative damages, as in an action of trespass. This case is supported by Hopkins v. Hopkins, 10 J. R. 371, and by a long practice in our Courts, in conformity with it—and, besides, it advances justice by preventing the circuity of action that must ensue if the landlord might recover judgment for the return of the goods, as having been taken for a lawful distress; and the tenant put to an action of trespass to recover damages for a conversion or injury of the same goods, or other abuse of the license to enter and distrain, which would make the landlord a trespasser ab initio. But when the action of trespass is thus grafted on the action of replevin, it is necessary that the rules of pleading, which obtain in trespass, should accompany it. If the plaintiff in replevin, denies only the legality of the distress, he may plead to the avowry, non demisit, rien in arrear, or eviction, which are pleas proper to replevin. But if it is intended to charge the avowant with damages for such tortious proceeding under the distress, as makes him a trespasser ab initio, it is necessary that the plaintiff plead such matter specially, as in an action of trespass. The issue of rent in arrear, at the time of the distress, does not apprise the avowant of any objection to the regularity *17 of the distress; and to give judgment for the plaintiff, on proof of an excessive levy, would subject the avowant to surprise and injustice.
The recovery of judgment by the avowant for the rent cannot prejudice his defence more then payment; and it is clear that a subsequent payment cannot make a distress illegal.
The motion is refused,